**Benjamin N. MOOTS, Plaintiff–Appellant,**

v.

**SECRETARY, DEPARTMENT OF CORRECTIONS, Sandeep Rahangdale, T. Blankenship, Larry A. Baker, Defendants–Appellees,** Jeremy **Vaughan, Defendant.**

No. 10–13285
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 2, 2011.

Benjamin N. Moots, Crawfordville, FL, pro se.

1. This is an unlimited remand.

Wakulla Ci Warden, Inmate Trust Fund, Crawfordville, FL, for Plaintiff–Appellant.

Bill McCollum, Office of The Attorney General, Tallahassee, FL, for Defendant.

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Benjamin N. Moots, a state prisoner, appeals *pro se* the dismissal of his complaint that prison officials Walter McNeil, Sandeep Rahangdale, Tammy Blankenship, and Larry Baker violated his civil rights under the Eighth Amendment. 42 U.S.C. § 1983. The district court ruled that the prison officials had not been deliberately indifferent to Moots's medical condition. We affirm.

Moots's complaint fails to allege that he has a serious medical condition or, even assuming that his condition is serious, that prison officials have been indifferent to Moots's medical needs. After Moots was imprisoned, he was diagnosed with gynecomastia, a condition that causes an enlargement of male breast tissue. Moots "received medical test[s] to determine" if "there [had been] an underlying cause for his condition" and if he had cancer, but the tests revealed Moots's gynecomastia requires only cosmetic treatment. Moots's " 'medical need [is not] one that, if left unattended, poses a substantial risk of serious harm.' " *Mann v. Taser Intern., Inc.,* 588 F.3d 1291, 1307 (11th Cir.2009) (quoting *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003)). Moots has received ibuprofen for pain and "psychiatric treatment" to combat his "emotional suffering, depression, anxiety," and problems with his self-image, and prison officials have housed him in a segregation unit to prevent any potential mistreatment by fellow inmates. Moots requested a mastectomy, but prison officials required that Moots first undergo a mammogram, which Moots refused. Moots's disagreement with the course of treatment provided by the prison officials does not "support a claim of cruel and unusual punishment." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991).

The dismissal of Moots's complaint is **AFFIRMED.**